## REAMER *v.* REAMER

[No. 314, September Term, 1966.]

*Decided May 3, 1967.*

The cause was submitted on the brief to HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and FINAN, JJ.

Submitted on brief by *James R. Scullen* for appellant.

No brief and no appearance for appellee.

BARNES, J., delivered the opinion of the Court.

Marvin E. Reamer was found guilty of contempt of court by the Circuit Court for Harford County for failure to comply with orders of that court, requiring him to pay alimony *pendente lite,* support and maintenance for his minor children and counsel fees. Reamer has appealed from his conviction and sentence on the contempt charge, alleging that his arrest, the contempt proceeding itself and his incarceration after conviction and sentence violated the applicable Maryland Rules, ignored prior decisions of this Court and lacked due process of law.

Although the defendant points to many instances of alleged error in the record before this Court, it is necessary to review only some of the events relating to Reamer's arrest and hearing to indicate that his conviction must be reversed. The salient facts are these:

1. Reamer's wife had been granted a divorce *a vinculo matrimonii* in February, 1965. The decree required the appellant, Reamer, to pay accrued alimony *pendente lite,* child support and counsel fees. Constructive service was had against Reamer by order of publication, pursuant to Maryland Rule 105. He did not appear to contest the divorce action.

2. In June, 1965, the wife, alleging that Reamer had failed to pay "any of the sums mentioned" in the February, 1965 decree, instituted a proceeding in the Circuit Court for Harford County to have the appellant held in constructive contempt of court.

3. The court ordered Reamer to show cause why he should not be adjudged in contempt. The show cause order stated the time and place of hearing and provided "that a copy of the petition [instituting the contempt charge] and of this Order be served on the Defendant, Marvin E. Reamer" on or before the expiration of 14 days.

4. The petition and order were attempted to be served on one occasion at an address in Prince George's County, but were returned *non est*.

5. Some nine months later, in March, 1966, the wife filed another petition. She again alleged Reamer's failure to comply with the court's order of February, 1965, as well as an earlier order.[1] The wife alleged "that the Defendant has secreted himself to avoid service of process" and prayed that the court "issue a Bench Warrant for the arrest of Marvin E. Reamer."

6. The court, presumably because of the last-mentioned allegation, issued the requested bench warrant, and pursuant to it, Reamer was arrested in Prince George's County in April, 1966.

7. Reamer was never served with copies of the show cause order and petition nor was he given notice of the date of the hearing on the contempt charge.

We believe the conviction and sentence for contempt must be reversed because Reamer's arrest and hearing without notice does not accord with the procedure contemplated by the Maryland Rules. Rule P4, setting forth the steps to be followed in constructive contempt proceedings, is silent on the question of whether the defendant may be subject to attachment to answer

---

1. This order, resulting from the wife's petition for support, was dated August 21, 1964. It granted temporary custody of the children to the wife and required Reamer to pay alimony *pendente lite,* child support and counsel fees. The petition and order were served on Reamer on August 24, 1964, but he did not appear to contest the awards.

the alleged contempt. We may assume without deciding that attachment is permissible where, as in this case, the court has reason to believe the defendant may conceal himself or flee the state to avoid personal service in the contempt proceeding.

The Rule explicitly requires, however, that the show cause order and any writing or document filed in support of the alleged contempt "shall be served upon the defendant." [2] Maryland Rule P4 b 2. The order "shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the contempt." Maryland Rule P4 b 1 (b). Service is to be made "pursuant to Rule 104 (Service of Process-Generally) unless the defendant has appeared as a party in the action in which the contempt is charged, in which case service shall be made in the manner prescribed by the court." Maryland Rule P4 b 1 (c). These rules are declaratory of the basic requirements of due process of law in the prosecution of constructive contempts. *In re Oliver,* 333 U. S. 257 (1948) ; *Cooke v. United States,* 267 U. S. 517 (1925) ; see Goldfarb, *The Constitution and Contempt of Court,* 61 Mich. L. Rev. 283, 337-40 (1962). The requirement of service is mandatory. *Resnick v. Board of Elections of Baltimore City,* 244 Md. 55, 62, 222 A. 2d 385 (1966) ; *Maryland Medical Service v. Carver,* 238 Md. 466, 478-80, 209 A. 2d 582 (1965) and cases therein cited. We hold it was reversible error to omit service of the petition and court order, pursuant to Rule 104, either before *or after* the defendant's arrest.

> *Order reversed and case remanded for further proceedings not inconsistent with this opinion, costs to be paid by the appellee.*

---

**2.** While the former statute, Code 1957 (Cum. Supp.) Article 26, § 4A, was silent on the question of notice, the practice apparently was to serve the defendant with the relevant documents and show cause order. See In re Lee, 170 Md. 43, 183 Atl. 560 (1936), *cert. denied,* 298 U. S. 680 (1936).